## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

ALLEN VIDEO TECHNOLOGY, INC.,

          Plaintiff,

v.

SONY ELECTRONICS INC., et al.

          Defendants.

Case No. 1:13-cv-01459-WDQ

**JURY TRIAL DEMANDED**

## ANSWER OF DEFENDANTS SONY ELECTRONICS INC. AND SONY COPORATION

      Defendants Sony Electronics Inc. ("SEL") and Sony Corporation ("SC") (collectively, "Sony"), by and through their undersigned counsel, hereby submit this Answer to the Complaint for Patent Infringement filed by Allen Video Technology, Inc., ("AVT") on May 17, 2013 (Docket No. 1).

### I.    PARTIES

      1.    Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore denies them.

      2.    Admitted.

      3.    Admitted.

      4.    Sony admits that products of SC are marketed over the Internet, through SC subsidiaries and by other means. Sony denies that SC directly sells or offers to sell any products in the United States. Sony admits that this paragraph of the Complaint includes a quotation from SC's Annual Report for the year ending March 31, 2012. The remaining allegations of this Paragraph are denied.

5.     Sony admits that products of SC are sold and offered for sale to customers in the United States. Sony admits that this paragraph of the Complaint includes a quotation from SC's Annual Report for the year ending March 31, 2012. The remaining allegations of this Paragraph are denied.

6.     SEL admits that it conducts business in the state of Maryland by selling products to Maryland consumers either directly or through third party retailers. The remaining allegations of this Paragraph are denied.

7.     Paragraph 7 addresses an editorial issue and requires no response.

## II.     JURISDICTION AND VENUE

8.     Sony admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Sony admits that this Court has personal jurisdiction over SEL.  The remaining allegations of this Paragraph are denied.

9.     Sony admits that venue is proper in this district as to SEL under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). Sony denies that it has committed any acts of infringement in this or any other district. Sony is without knowledge or information sufficient to form a belief as to residency of AVT, and therefore denies this allegation. The remaining allegations of this Paragraph are denied.

## III.     JOINDER

10.     Sony admits that SEL has sold and offered for sale, and currently sells or offers for sale products of SC, including the accused SONY VPL-HW30ES Video Projector and SONY Bravia KDS-50A3000 SXRD Rear Projection HDTV. Sony denies that SC is subject to personal jurisdiction in this district and thus denies that joinder is proper for that reason. The remaining allegations of this Paragraph are denied.

11.     Sony admits that the accused SONY VPL-HW30ES Video Projector and the SONY Bravia KDS-50A3000 SXRD Rear Projection HDTV sold by SEL are purchased by SEL from SC. The remaining allegations of this Paragraph are denied.

12.     Sony admits that there are common questions of fact to SEL and SC to the extent that SEL sells products purchased from SC. The remaining allegations of this Paragraph are denied.

## IV.   CLAIMS

13.     Sony incorporates by reference its responses to paragraphs 1-12 as previously set forth.

14.     Sony admits that the '006 Patent appears from its first page to have an issue date of May 22, 2007, to be entitled "Method and Apparatus for Increasing Effective Contrast Ratio and Brightness Yields for Digital Light Valve Image Projectors" and to list Eddie E. Allen, Thomas D. Strade and Christopher Coley as inventors.  Sony is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and therefore denies them.

15.     Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore denies them.

16.     Sony admits that the '330 Patent appears from its first page and certificate of correction to have an issue date of August 18, 2009, to be entitled "Method and Apparatus for Increasing Effective Contrast Ratio and Brightness Yields for Digital Light Valve Image Projectors" and to list Eddie E. Allen, Thomas D. Strade and Christopher Coley as inventors.  Sony is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and therefore denies them.

17.     Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore denies them.

18.     Paragraph 18 addresses an editorial issue and requires no response.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Sony admits that on June 5, 2008, in connection with the prosecution of U.S. Pat. App. No. 11/244,139, an Information Disclosure Statement was filed with the United States Patent and Trademark Office that listed the '006 Patent and requested that the examiner consider it. Sony admits that U.S. Pat. App.  No. 11/244,139 subsequently issued on January 6, 2009, as U.S. Pat. No. 7,472,998 which lists the '006 Patent on its first page. The remaining allegations of this Paragraph are denied.

23.     Denied.

24.     Denied.

## V.     PRAYER FOR RELIEF

Sony denies that AVT is entitled to any of the relief sought in this action, and submits that instead this case should be declared exceptional and Sony should be awarded its attorney's fees, costs and other relief as the Court deems proper.

## DEFENSES

### *First Defense – Failure to State a Claim*

The Complaint fails to state a claim upon which relief can be granted.


### *Second Defense – Noninfringement of the '006 and '330 patents*

Sony has not infringed and is not infringing, either directly, contributorily or by inducement, any claim of the '006 or '330 Patents, either literally or under the doctrine of equivalents.


### *Third Defense – Invalidity of the '006 and '330 patents*

The '006 and '330 patents are wholly or partially invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining to those provisions.

Respectfully submitted,

Dated: September 12, 2013

Edward T. Colbert

*Attorneys for Defendants*
*SONY ELECTRONICS INC. and*
*SONY CORPORATION*

Edward T. Colbert (# 05477)
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200
(202) 220-4201 (Fax)
ecolbert@kenyon.com

OF COUNSEL:

John Flock
Zaed M. Billah
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200
(212) 425-5288 (Fax)
jflock@kenyon.com
zbillah@kenyon.com

Paul T. Qualey
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200
(202) 220-4201 (Fax)
pqualey@kenyon.com