**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ALLEN VIDEO TECHNOLOGY, INC.

Plaintiff,

v.

SONY ELECTRONICS INC., and
SONY CORPORATION,

Defendants.

Civil Action No. 1:13-cv-01459-WDQ

**TRIAL BY JURY DEMANDED**

# FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, ALLEN VIDEO TECHNOLOGY, INC., by its attorneys, hereby complains against Defendants SONY ELECTRONICS INC. and SONY CORPORATION as follows:

## I. PARTIES

1. Plaintiff, ALLEN VIDEO TECHNOLOGY, INC. ("AVT") is a corporation organized and existing under the laws of the State of Maryland.

2. Defendant SONY ELECTRONICS, INC. ("SEL") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 16530 Via Esprillo, San Diego, California 92127.

3. Defendant SONY CORPORATION ("SCO") is a foreign corporation organized and existing under the laws of Japan, with its principal place of business located at 7-1, Konan 1-Chome, Minato-Ku, Tokyo 108-0075, Japan.

4. SCO markets products directly over the internet, as well as through its subsidiaries, and through other streams of commerce. SCO's recent Annual Report (for fiscal year ending March 31, 2012) to the U.S. Securities and Exchange Commission states as follows: "Sony's products are marketed throughout the world by sales subsidiaries and unaffiliated

distributors as well as direct sales via the Internet." *See* Annual Report at 25, available at http://www.sony.net/SonyInfo/IR/library/FY2011_20F_PDF.pdf.

5. SCO's products are sold to United States consumers, and SCO actively seeks such sales. As stated in its annual report: "United States: Sony markets its electronics products and services through Sony Electronics Inc. and other wholly-owned subsidiaries in the U.S." *See id.* at 29.

6. As set forth herein, SCO and SEL have committed and are committing the tort of patent infringement in the State of Maryland. As such, SCO and SEL are "doing business" in Maryland by either selling their products directly to Maryland consumers or through subsidiaries or through other tributaries in the stream of commerce.

7. Defendants SONY ELECTRONICS, INC. ("SEL"), and SONY CORPORATION ("SCO") are collectively referred to herein as "SONY."

## II. JURISDICTION AND VENUE

8. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*. This Court has personal jurisdiction over Defendants because they have committed acts giving rise to this action within Maryland and this judicial district and have established minimum contacts within the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

9. Venue properly lies in the District of Maryland pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because Defendants have committed acts within this judicial district giving rise to this action, and Defendants "reside" in this District as they are subject to personal jurisdiction in this District. Venue is also appropriate because Defendants are doing business in this judicial district, including one or more of the infringing acts of offering for sale, selling,

using infringing products, or providing service and support to Defendants' customers in this District and they do so through established distribution channels. Furthermore, AVT is a resident of Maryland.

## III. JOINDER

10. Upon information and belief, joinder of Defendants SEL and SCO is proper under 35 U.S.C. §299 due to SEL offering for sale the same models of accused products which were manufactured, assembled, distributed, offered for sale, and/or sold, by and/or imported from SCO.

11. The products accused herein and offered for sale by each of SEL and SCO are identical.

12. As a result, there are common questions of fact to SEL and SCO.

## IV. CLAIMS

### COUNT ONE – Infringement of U.S. Patent No. 7,220,006

13. AVT realleges and incorporates by reference the allegations set forth in Paragraphs 1-12 above as if fully set forth herein.

14. On May 22, 2007, United States Patent Number 7,220,006 ("the '006 Patent") entitled "Method and Apparatus for Increasing Effective Contrast Ratio and Brightness Yields for Digital Light Valve Image Projectors" was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") to Eddie E. Allen, Thomas D. Strade and Christopher Coley. A true and correct copy of the '006 Patent is attached hereto as **Exhibit A**

15. AVT is the assignee of the '006 Patent and holds the rights to sue and recover for past, present and future infringement thereof.

16. SONY has infringed and/or is still infringing the '006 Patent in the State of Maryland, in this judicial district and elsewhere in the United States by, among other activities,

making, using, importing, offering for sale, selling, providing, maintaining and/or supporting, without license or authority, products falling within the scope of one or more claims of the ‘006 Patent. Such products include, without limitation, SONY-branded digital video projectors and rear-projection television sets (including resident firmware and software) which include a so-called “Advanced Iris” feature which utilizes a dynamic iris component to automatically control the effective contrast ratio of a projected video image.

17. Exemplary products that fall within the scope of one or more claims of the ‘006 Patent are the SONY VPL-HW30ES Video Projector and the SONY Bravia KDS-50A3000 SXRD Rear Projection HDTV.

18. SONY has committed acts of infringement which have caused damage to AVT. Under 35 U.S.C. § 284, AVT is entitled to recover from SONY the damages sustained by AVT as a result of the infringement of the ‘006 Patent. SONY’s infringement on AVT’s exclusive rights under the ‘006 Patent will continue to damage AVT causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

19. SCO has had knowledge of at least the ‘006 Patent since 2008. In particular, on June 5, 2008, SCO filed an Information Disclosure Statement (“IDS”) with the USPTO, submitting the ‘006 Patent and requesting that the patent examiner consider it in the prosecution of U.S. Patent Appl. 11/244,139. This application subsequently issued on January 6, 2009 as U.S. Patent No. 7,472,998 to SCO, citing the ‘006 Patent on its title page.

20. By continuing the infringement after at least June 5, 2008, SCO acted despite an objectively high likelihood that its actions constituted infringement of at least the ‘006 Patent. Such objectively high likelihood of infringement was actually known to SCO or was so obvious it should have been known.

21. SCO has and continues to willfully infringe at least claims of the ‘006 patent.

**COUNT TWO – Infringement of U.S. Patent No. 7,575,330**

22. On August 18, 2009, United States Patent Number 7,575,330 ("the '330 Patent") entitled "Method and Apparatus for Increasing Effective Contrast Ratio and Brightness Yields for Digital Light Valve Image Projectors" was duly and lawfully issued by the USPTO to Eddie E. Allen, Thomas D. Strade and Christopher Coley. A true and correct copy of the '330 Patent is attached hereto as **Exhibit B**

23. AVT is the assignee of the '330 Patent and holds the rights to sue and recover for past, present and future infringement thereof.

24. SONY has infringed and/or is still infringing the '330 Patent in the State of Maryland, in this judicial district and elsewhere in the United States by, among other activities, making, using, importing, offering for sale, selling, providing, maintaining and/or supporting, without license or authority, products falling within the scope of one or more claims of the '330 Patent. Such products include, without limitation, SONY-branded digital video projectors and rear-projection television sets (including resident firmware and software) which include a so-called "Advanced Iris" feature which utilizes a dynamic iris component to automatically control the effective contrast ratio of a projected video image.

25. Exemplary products that fall within the scope of one or more claims of the '330 Patent are the SONY VPL-HW30ES Video Projector and the SONY Bravia KDS-50A3000 SXRD Rear Projection HDTV.

26. SONY has committed acts of infringement which have caused damage to AVT. Under 35 U.S.C. § 284, AVT is entitled to recover from SONY the damages sustained by AVT as a result of the infringement of the '330 Patent. SONY's infringement on AVT's exclusive rights under the '330 Patent will continue to damage AVT causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

**COUNT THREE – Infringement of U.S. Patent No. 8,520,149**

27. On August 27, 2013, United States Patent Number 8,520,149 ("the '149 Patent") entitled "Method and Apparatus for Increasing Effective Contrast Ratio and Brightness Yields for Digital Light Valve Image Projectors" was duly and lawfully issued by the USPTO to Eddie E. Allen, Thomas D. Strade and Christopher Coley. A true and correct copy of the '149 Patent is attached hereto as **Exhibit C**

28. AVT is the assignee of the '149 Patent and holds the rights to sue and recover for past, present and future infringement thereof.

29. SONY infringes the '149 Patent in the State of Maryland, in this judicial district and elsewhere in the United States by, among other activities, making, using, importing, offering for sale, selling, providing, maintaining and/or supporting, without license or authority, products falling within the scope of one or more claims of the '149 Patent. Such products include, without limitation, SONY-branded digital video projectors (including resident firmware and software) which include a so-called "Advanced Iris" feature which utilizes a dynamic iris component to automatically control the effective contrast ratio of a projected video image.

30. An exemplary product that falls within the scope of one or more claims of the '149 Patent is the SONY VPL-HW30ES Video Projector.

31. SONY has committed acts of infringement which have caused damage to AVT. Under 35 U.S.C. § 284, AVT is entitled to recover from SONY the damages sustained by AVT as a result of the infringement of the '149 Patent. SONY's infringement on AVT's exclusive rights under the '149 Patent will continue to damage AVT causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

## V. PRAYER FOR RELIEF

WHEREFORE, AVT respectfully requests that this Court enter judgment against Defendants SONY ELECTRONICS INC. and SONY CORPORATION as follows:

(a) for a declaration that the ‘006 Patent, the ‘330 Patent and the ‘149 Patent are good and valid in law;

(b) for judgment that Defendants have infringed and continue to infringe the ‘006 Patent, the ‘330 Patent and the ‘149 Patent;

(c) for a permanent injunction under 35 U.S.C. § 283 against Defendants and their respective directors, officers, employees, agents, subsidiaries, parents, attorneys, and all persons acting in concert, on behalf of, in joint venture, or in partnership with any of the Defendants thereby enjoining any further acts of infringement;

(d) for damages to be paid by Defendants adequate to compensate AVT for their infringement, together with interest, costs and disbursements, and that damages be increased three times the amount found as justified under 35 U.S.C. 284;

(e) for judgment finding this to be an exceptional case, and awarding AVT attorney fees under 35 U.S.C. 285; and

(f) for such further relief at law and in equity as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff AVT hereby demands a jury trial on all issues triable by jury.

Dated: September 12, 2013

Respectfully submitted,

/s/ Joseph D. Lewis
Joseph D. Lewis

*Attorneys for Plaintiff*
*ALLEN VIDEO TECHNOLOGY, INC.*

Joseph D. Lewis
(Maryland Federal Bar # 13379)
**BARNES & THORNBURG LLP**
1717 Pennsylvania Ave, NW, Suite 500
Washington, DC 20006
(202) 289-1313 Telephone
(202) 289-1330 Facsimile
Email: joe.lewis@btlaw.com

*Of Counsel:*
Eugene M. Cummings
David Lesht
Martin Goering
David M. Mundt
**THE LAW OFFICES OF**
**EUGENE M. CUMMINGS, P.C.**
One North Wacker Drive, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: dmundt@emcpc.com

Joseph M. Vanek
Jeffrey R. Moran
**VANEK, VICKERS & MASINI, P.C.**
55 W. Monroe, Suite 3500
Chicago, IL 60603
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
Email: jvanek@vaneklaw.com
Email: jmoran@vaneklaw.com