UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ALLEN VIDEO TECHNOLOGY, INC.,

    Plaintiff,

v.

SONY ELECTRONICS INC., et al.

    Defendants.

Case No. 1:13-cv-01459-WDQ

## wdq ~~JOINT PROPOSED~~ SCHEDULING ORDER AND DISCOVERY PLAN

This scheduling order is being entered pursuant to Local Rule 103.9. Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office. Any party who believes that any deadline set forth in this Scheduling Order is unreasonable may request in writing a modification of the Order or that a conference be held for the purpose of seeking a modification of the Order, and any such request must be made on or before the first date set forth in Section I below. Thereafter, **the schedule will not be changed except for good cause.**

This case is subject to electronic filing. Please familiarize yourself with the procedures for electronic filing available at: www.mdd.uscourts.gov. You must use the electronic filing system for filing documents with the Clerk and sending case related correspondence to chambers. **When you electronically file a document that, including attachments, is 15 pages or longer, you must also provide me a paper copy of the document and a paper copy of the notice of electronic filing.** The paper copy should be sent to the Clerk's Office, not directly to my chambers.

### I.    DEADLINES

| Nature of Discovery/Event | Date |
|---|---|
| Plaintiff serves Initial Infringement Contentions and Document Production. (LR 804.1 (a), (b)). | 30 days after scheduling order |
| Deadline to file Motions to Dismiss | 60 days after scheduling order |

| Nature of Discovery/Event | Date |
|---|---|
| Defendant serves Initial Invalidity Contentions and Document Production. (LR 804.1 (c), (d)). | 80 days after scheduling order |
| Plaintiff serves Claim Charts and Claim Construction Statement. (LR 805.1(a), (b)). | 95 days after scheduling order |
| Defendant serves Responsive Claim Charts and Claim Construction Statement. (LR 805.1(c), (d)). | 120 days after scheduling order |
| Parties file Joint Claim Construction Statement. (LR 805.1(f)). | 150 days after scheduling order. Thirty days prior, AVT to reduce the number of asserted claims to 12. |
| Parties file Opening Claim Construction Briefs. (LR 805.1(g)). | 180 days after scheduling order |
| Parties file Responsive Claim Construction Briefs. (LR 805.1(h)). | 210 days after scheduling order |
| Claim Construction Hearing | At discretion of Court |
| Fact Discovery Closes | 90 days after Claim Construction ruling |
| Parties serve Opening Expert Reports by Party With Burden of Proof | 45 days after close of fact discovery |
| Parties serve Responsive Expert Reports | 45 days after opening expert reports |
| Parties serve Reply Expert Reports | 15 days after responsive expert reports |
| Expert Discovery Closes | 30 days after reply expert reports |
| Deadline to file Dispositive Motions | 30 days after expert discovery closes |

Additional Patent Matters

    a.    30 days prior to the Joint Claim Construction Statement, the parties shall make good-faith efforts to limit the number of terms for construction.

    b.    The parties shall present a live technology tutorial taking place the day before the Claim Construction Hearing.

    c.    The parties shall agree on the order of claim terms for argument at the Claim Construction hearing. The parties shall argue term-by-term whereby the parties alternate which side presents first on each term.

## II. DISCOVERY

Initial Disclosures

This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made.

Discovery Conference

This action is exempted from the requirements of the first sentence of Fed. R. Civ. P. 26(d) and from Fed. R. Civ. P. 26(f). However, you are encouraged to confer with one another in order to: (a) identify the issue(s), (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense, and (d) establish a cordial professional relationship among yourselves.

Procedure

All the provisions of Local Rule 104 apply, including the following:

    a.    All discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

    b.    The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

    c.    No discovery materials should be filed with the Court.

    d.    Motions to compel shall be filed in accordance with Local Rule 104.8 and the applicable CM/ECF procedures.

e. Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you.

Deposition Limits

The parties are limited to 70 hours of fact deposition testimony per side, including any testimony taken under Fed. R. Civ. P. 30(b)(6).

### III.   STATUS REPORT

The parties shall file on the day of the discovery deadline a status report covering the following matters:

a. Whether discovery has been completed;

b. Whether any motions are pending;

c. Whether any party intends to file a dispositive pretrial motion;

d. Whether the case is to be tried by jury or non-jury and the anticipated length of trial;

e. A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

f. Whether each party believes it would be helpful to refer this case to another judge of this Court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

g. Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct any further proceedings in this case, either before or after the resolution or any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment;

h. Any other matter which you believe should be brought to the Court's attention.

### IV.   DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c apply.

After motions and responses thereto have been filed, will advise you if a hearing is to be scheduled.

## V.     PRETRIAL CONFERENCE

I will schedule a pretrial conference after the status report has been filed, unless that report indicates that one or more of you intends to file a dispositive pretrial motion. In the latter event I will not set a pretrial conference until after I have ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

The pretrial order shall be submitted seven days before the pretrial conference is held. Counsel shall comply with Local Rule 106, as to submission and contents of the pretrial order.

At the pretrial conference:

a.  I will set a deadline for submitting, motions in limine, proposed voir dire questions and proposed jury instructions;

b.  I will set a trial date; and

c.  I will ask you whether a settlement conference or other ADR conference with a judicial officer would be useful, and whether all parties would consent to trial (jury or non-jury) before a U.S. Magistrate Judge.

## VI.    ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases which are Appendix B to the Local Rules.

## VII.   COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES

The Court will demand compliance with the Local Rules and CM/ECF procedures. If you need to obtain a copy of the Local Rules or the CM/ECF procedures, they are available on our website at www.mdd.uscourts.gov.

## VIII.  COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2 which has detailed requirements requiring the redaction of filings with this Court that contain an individual's social security number, taxpayer identification number, or birth date, the name of an individual known to be a minor, or a financial account number. It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008. For further information on the Judicial Conference Privacy Policy see: http://www.mdd.uscourts.gov/news/news/privacy_memo.pdf

Dated: October 21, 2013

/s/
Joseph D. Lewis (# 13379)
BARNES & THORNBURG LLP
1717 Pennsylvania Ave, NW, Suite 500
Washington, DC 20006
(202) 289-1313 Telephone
(202) 289-1330 Facsimile
Email: joe.lewis@btlaw.com

*Of Counsel:*

Eugene M. Cummings
David Lesht
Martin Goering
David M. Mundt
THE LAW OFFICES OF EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, IL 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
Email: ecummings@emcpc.com
Email: dlesht@emcpc.com
Email: mgoering@emcpc.com
Email: dmundt@empcp.com

Joseph M. Vanek
Jeffrey R. Moran
VANEK, VICKERS & MASINI, P.C.
55 W. Monroe, Suite 3500
Chicago, IL 60603
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
Email: jvanek@vaneklaw.com
Email: jmoran@vaneklaw.com

*Attorneys for Plaintiff*
*ALLEN VIDEO TECHNOLOGY, INC.*

Respectfully submitted,

/s/
Edward T. Colbert (# 05477)
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200
(202) 220-4201 (Fax)
Email: ecolbert@kenyon.com
(signed by J Lewis with permission of counsel for Defendants)

*Of Counsel:*

John Flock
Zaed M. Billah
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200
(212) 425-5288 (Fax)
Email: jflock@kenyon.com
Email: zbillah@kenyon.com

Paul T. Qualey
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200
(202) 220-4201 (Fax)
Email: pqualey@kenyon.com

*Attorneys for Defendants*
*SONY ELECTRONICS INC. and*
*SONY CORPORATION*

Dated: 10/22/13

/s/
William D. Quarles, Jr.
United States District Judge